## GREAT WESTERN SERUM COMPANY v. UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 90. Argued November 12, 1920.—Decided December 6, 1920.

A contractual obligation of the United States to pay the owner cannot be implied from the seizure and destruction of anti-hog-cholera serum by agents of the Bureau of Animal Industry, without agreement to purchase, nor from the Act of March 4, 1915, c. 144, 38 Stat. 1115, authorizing the Secretary of Agriculture in dealing with an emergency arising from animal disease to expend money in its eradication, including payment of claims growing out of purchase and destruction of materials contaminated or exposed to the disease. P. 241.

54 Ct. Clms. 203, affirmed.

THE case is stated in the opinion

Mr. *Edwin H. Cassels*, with whom Mr. *James H Wilkerson* and Mr. *Eaward F. Colladay* were on the briefs for appellant.

Mr. *Assistant Attorney General Davis*, with whom Mr.

*Charles H. Bradley,* Special Assistant to the Attorney General, was on the brief, for the United States.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

The Serum Company sued to recover the value of anti-hog-cholera serum, anti-cholera virus and serum blood, seized without agreement to purchase by agents of the Bureau of Animal Industry in November, 1914, and thereafter destroyed. Judgment went for the defendant and we are asked to reverse it upon the ground that "as a conclusion of law the court should have found that the Act of Congress of March 4, 1915, created an obligation to pay for appellant's materials, and that the facts show an implied contract to purchase and to pay for such materials." The act provides:

"In case of an emergency arising out of the existence of foot-and-mouth disease, rinderpest, contagious pleuro-pneumonia, or other contagious or infectious disease of animals, which in the opinion of the Secretary of Agriculture threatens the live-stock industry of the country, he may expend in the city of Washington or elsewhere, out of any money in the Treasury not otherwise appropriated, the sum of $2,500,000, which sum is hereby appropriated, or so much thereof as he determines to be necessary, in the arrest and eradication of any such disease, including the payment of claims growing out of past and future purchases and destruction, in coöperation with the States, of animals affected by or exposed to, or of materials contaminated by or exposed to, any such disease, wherever found and irrespective of ownership, under like or substantially similar circumstances, when such owner has complied with all quarantine regulations, and said sum shall be immediately available for the purposes specified." 38 Stat. 1115.

There was no purchase of the destroyed articles or agreement therefor—none is claimed—and we think it quite clear that no contractual obligation by the United States to pay for them can be implied from the act itself.

The judgment below must be

*Affirmed.*